**YUNG JIAN SHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76423.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 1, 2007.

Hiram W. Kwan, Esq., Law Office of Hiram W. Kwan, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Shelley R. Goad, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

Circuit Judge PREGERSON dissents.

## MEMORANDUM **

Yung Jian Shi, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, see *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Shi's contention that the IJ denied him due process by allowing him to withdraw his application for asylum. Shi did not raise this issue before the BIA and thereby failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Shi contends the IJ violated due process by not accepting his marriage as bona fide. Because Shi's marriage occurred while Shi was in removal proceedings, Shi was required to submit evidence establishing that the marriage was entered into in good faith. See *Malhi v. INS*, 336 F.3d 989, 994 (9th Cir.2003); *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc); 8 C.F.R. § 204.2(a)(1)(iii). Shi failed to submit such evidence, and his contention therefore lacks merit.

In his opening brief, Shi fails to address, and therefore has waived any challenge to, the IJ's denial of his motion to reopen for failure to establish eligibility for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i). See *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues not raised in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.